*E-Filed 4/16/10*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MIGUEL HUERTA, | No. C 09-5069 RS (PR) |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| B. CURRY, and A. SCHWARZENEGGER, | |
| Respondents. | |

**INTRODUCTION**

Petitioner Miguel Huerta, a California state prisoner, filed this *pro se* action for writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases. Petitioner has paid the filing fee.

**BACKGROUND**

According to the petition, petitioner was convicted in 1985 of second degree murder, and was sentenced to seventeen years to life in state prison. In 2008, the Board of Parole Hearings found petitioner suitable for parole. Later that year, the Governor of California reversed the Board's decision to grant parole. Seeking to overturn the Governor's decision,

petitioner sought, and was denied, state habeas relief. This federal habeas petition followed.

## DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, petitioner alleges that the Governor (1) violated his state and federal due process rights because his decision was not based on sufficient evidence that petitioner is currently dangerous; (2) failed to consider all relevant statutory factors of rehabilitation; and (3) improperly used Penal Code § 3041.2 to reverse the Board's finding of parole suitability. Petitioner's third claim is dismissed because it is based on an alleged violation of state law. Federal habeas relief is unavailable for violations of state law or for alleged error in the interpretation or application of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Petitioner's first two claims, however, appear to be cognizable in a federal habeas action when liberally construed.

## MOTION

Petitioner's motion to proceed *in forma pauperis* (Docket No. 2) is DENIED as moot as petitioner has paid the filing fee.

## CONCLUSION

1. The Clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto, on respondent and respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on petitioner, within **ninety (90)** days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within **thirty (30)** days of the date the answer is filed.

4. In lieu of an answer, respondent may file, within **ninety (90)** days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6. It is petitioner's responsibility to prosecute this case.  Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

//
//
//
//

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

8. Petitioner's motion to proceed *in forma pauperis* is DENIED as moot.

9. This order terminates Docket No. 2.

**IT IS SO ORDERED**.

DATED: April 15, 2010

_____
RICHARD SEEBORG
United States District Judge

**THIS IS TO CERTIFY THAT A HARD COPY OF THIS ORDER WAS MAILED TO:**

Miguel Huerta
D-13538
Correctional Training Facility- North
P.O. Box 705; WA-311
Soledad, CA 93960-0705

DATED:  04/16/2010

s/ Chambers Staff
Chambers of Judge Richard Seeborg

* Counsel are responsible for distributing copies of this document to any co-counsel who have not registered with the Court's electronic filing system.